UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

JAIME CAMACHO RAMOS,

    Plaintiff,

v.

SUNNY ENTERPRISES OF FLORIDA, LLC,
a Florida limited liability company d/b/a
QUALITY INN SARASOTA NORTH and d/b/a
QUALITY INN SARASOTA AIRPORT;
BHARAT PATEL, an individual; and, MANISHA
PATEL,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED**

Plaintiff, JAIME CAMACHO RAMOS ("RAMOS"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, SUNNY ENTERPRISES OF FLORIDA, LLC, a Florida limited liability company d/b/a QUALITY INN SARASOTA NORTH and d/b/a QUALITY INN SARASOTA AIRPORT, (hereinafter "SUNNY ENTERPRISES"), and BHARAT PATEL, hereinafter ("B. PATEL"), and MANISHA PATEL (hereinafter, "M. PATEL") and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), as well for unpaid minimum wages pursuant to Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331. At all times pertinent to this Complaint, the corporate Defendant, SUNNY ENTERPRISES, was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants, SUNNY ENTERPRISES, B. PATEL and M. PATEL regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants operated a hotel. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' businesses, and moved in interstate commerce. This included tools, cleaning supplies, office-type supplies, and maintenance equipment that were regularly handled by the Plaintiff, and which had been manufactured outside the State of Florida, and moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.

4. During the period of Plaintiff's employment as set forth herein, the Defendants employed approximately ten (10) employees in each workweek. The Defendants regularly employed those employees for the relevant time period and they handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act. Specifically, those other employees worked—like the Plaintiff—in the operation of a motel business, handling tools, cleaning supplies, office-type supplies/equipment, and maintenance equipment that were manufactured outside the State of Florida, and which were used daily in operation of the Defendants' motel.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida; and,

   b. Defendants are and continue to be a company and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, RAMOS, was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, Defendants were the employers of Plaintiff.

10. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

11. At all times material hereto, the corporate Defendant, SUNNY ENTERPRISES was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, the work performed by Plaintiff, RAMOS was directly essential to the business performed by the Defendants.

13. Plaintiff, RAMOS has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

14. In or about September 2014, Plaintiff, RAMOS began working for Defendants as a maintenance man at the Defendants' motel in Sarasota, Florida.

15. Plaintiff, RAMOS' employment ended on or about September 3, 2018.

16. Defendants paid Plaintiff, RAMOS a weekly salary of $280.00 per week from September 2014 to about May 2015; $180.00 per week from or about June 1, 2015 to December 31, 2015; and, $150.00 per week from or about January 1, 2016 to September 25, 2018. He was paid below the minimum wage for most of his work hours.

17. During the Plaintiffs' employment with Defendants, the Plaintiff often worked in excess of 40 hours per week.

18. Defendants knowingly, maliciously and willfully operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

19. Defendants M. PATEL and B. PATEL were owners and/or supervisors who were involved in the day-to-day operations of SUNNY ENTERPRISES and/or were directly responsible for the supervision of Plaintiff during his employment. Therefore, M. PATEL and B. PATEL are personally liable for the FLSA violations.

20. Defendants M. PATEL and B. PATEL were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

21. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

22. Plaintiff, RAMOS reallege Paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff, RAMOS's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

24. During Plaintiff, RAMOS' employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

25. Plaintiff, RAMOS was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, RAMOS, intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, RAMOS, at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

28. Defendants failed to properly disclose or apprise Plaintiff, RAMOS, of his rights under the FLSA.

29. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, RAMOS, is entitled to liquidated damages pursuant to the FLSA.

30. Due to the willful, malicious and unlawful acts of the Defendants, Plaintiff, RAMOS, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, RAMOS respectfully requests that judgment be entered in his favor against the Defendants:

 a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. §207;

 b. Awarding Plaintiff overtime compensation in the amount calculated;

 c. Awarding Plaintiff liquidated damages in the amount calculated;

 d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

 e. Awarding Plaintiff post-judgment interest; and

 f. Ordering any other relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

32. Plaintiff realleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

33. Plaintiff's employment with the Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

34. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

35. Plaintiff worked hours for the Defendants for which he was paid below the FLSA statutory minimum wage.

36. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in his favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest;

e. declaratory relief pursuant to the FLSA finding that employees, including Plaintiff, who worked for the Defendants within the last three years were not paid minimum wage for all hours worked as required by the Act; and

f. all other and further relief this Court deems to be just and proper.

## COUNT III

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

23. Plaintiff, RAMOS realleges Paragraphs 1 through 21 as if fully stated herein.

24. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

25. During Plaintiff's employment, Defendants willfully paid him less than the statutory minimum wage for most of his work hours.

26. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering each Defendant to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

g. declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  November 21, 2018.

Respectfully submitted,
BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, Florida  33020
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: */s/. Peter Bober*
PETER J. BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248