UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAIME CAMACHO RAMOS,**

    **Plaintiff,**

                                                Case No.: 8:18-CV-2864-T-30SPF

v.

**SUNNY ENTERPRISES OF FLORIDA, LLC d/b/a**
**QUALITY INN SARASOTA NORTH, et al.,**

    **Defendant.**

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Sunny Enterprises of Florida, LLC d/b/a Quality Inn Sarasota North, et al., by and through its undersigned counsel, and in accordance with Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 8 and 12 and the applicable local rules, answers Plaintiff's Complaint as follows:

### INTRODUCTION

1. It is acknowledged that certain allegations and claims are being raised, but denied that Plaintiff can establish liability or that damages are owed.

### JURISDICTION

2. It is admitted that this Court has jurisdiction over the claims at issue but denied that Defendants B. Patel and M. Patel, individually, are employers engaged in interstate commerce as alleged.

3. It is admitted that Defendant Sunny Enterprises of Florida, LLC (hereinafter "Defendant Sunny" or "Sunny") operated a hotel and that Sunny is subject to interstate commerce. The remaining allegations, both implied or explicit, are denied.

4. Denied that Plaintiff was employed with Defendant for the alleged time period, however Defendant Sunny admits that is covered by the Fair Labor Standards Act. The remaining allegations, both implied or explicit, are denied.

5. Admitted that Defendant Sunny operates within the Middle District of Florida. The remaining allegations, both implied or explicit, are denied.

6. Admitted that Defendant Sunny operates within the Middle District of Florida. The remaining allegations, both implied or explicit, are denied.

## VENUE

7. Admitted that this Court is proper venue over the claims and defenses at issue.

## PARTIES

8. Denied. Plaintiff was not an "employee" of Defendant Sunny for the alleged time period, but was an employed for a limited period of time separate and apart from the time period being alleged in the Complaint.

9. Denied. Defendant Sunny was Plaintiff's "employer" for a limited period of time separate and apart from the being time period alleged in the Complaint.

10. It is admitted that Defendant Sunny was Plaintiff's "employer" within the meaning of the Fair Labor Standards Act, but the remainder of paragraph 10 is denied.

11. Admitted.

12. Denied.

13. Denied.

## STATEMENT OF FACTS

14. Denied to the extent it is alleged that Plaintiff was an "employee" of Defendant Sunny Enterprises during the time period being alleged.

15. The limited time period in which Plaintiff was an "employee" of Defendant Sunny ended in late August or early September of 2018.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. It is acknowledged that Plaintiff has engaged counsel.

## STATEMENT OF CLAIM:

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

22. Defendants re-allege and incorporate herein the responses to paragraphs 1 through 21.

23. Denied.

24. Denied.

25. If actually worked hours over forty (40), then the obligation to pay a premium wage is understood and acknowledged, and Plaintiff was paid in compliance with applicable law when he worked over forty (40) hours. However, it is denied to the extent it is being alleged that Plaintiff regularly worked greater than forty (40) hours is denied.

26. It is acknowledged that Defendant Sunny maintains records.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

Defendants deny that Plaintiff is entitled to the prayer for relief outlined after paragraph 31.

## COUNT II
## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

32. Defendants re-allege and incorporate herein the responses to paragraphs 1 through 21.

33. Denied.

34. The obligations under the law are acknowledged and understood, and followed by Defendants. Plaintiff was paid fully and lawfully through wages and lodging credit for all hours worked, including minimum wages.

35. Denied.

36. Denied.

Defendants deny that Plaintiff is entitled to the prayer for relief outlined after paragraph 36.

## COUNT III
## VIOLATION OF 29 U.S.C. § 24, FLORIDA CONSTITUTION

37. (sic)[1] Defendants re-allege and incorporate herein the responses to paragraphs 1 through 21.

38. The obligations under the law are acknowledged and understood, and followed by Defendants. Plaintiff was paid fully and lawfully through wages and lodging credit for all hours worked, including minimum wages.

39. Denied.

40. Denied.

Defendants deny that Plaintiff is entitled to the prayer for relief outlined after paragraph 40.

---

[1] The Answer continues consecutive numbers between Count II and Count III, however, it is noted that Count II of Plaintiff's Complaint ended at paragraph 36, and then Count III began with paragraph 23.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

41. Plaintiff was paid for all hours worked, including minimum wages, and if needed, an overtime premium for any hours worked over forty.

42. As to Count I, Plaintiff cannot state a claim upon which relief can be granted under the Fair Labor Standards Act ("FLSA") as Plaintiff was not entitled to any additional alleged overtime pay due to him being paid for all hours worked, including any overtime hours, during his employment with Defendant Sunny.

43. As to Count II, Plaintiff cannot state a claim upon which relief can be granted under the Fair Labor Standards Act ("FLSA") as Plaintiff was paid the required minimum wage for all hours actually worked during his employment with Defendant Sunny.

44. As to all Counts, Defendants M. Patel and/or B. Patel are not an "employer" or "joint employer" under the FLSA or other applicable law(s) as they did not make the requisite decisions relating to Plaintiff's compensation and hours of work.

45. As to Counts I and II, any events occurring outside the applicable limitations period are barred by the Statute of Limitations, 29 U.S.C. Section 225. More specifically, to the extent Plaintiff's claims are based on conduct that occurred more than two (2) years prior to the date of filing this lawsuit, the claims are barred by the statute of limitations for non-willful FLSA actions.

46. As to Counts I and II, any events occurring outside the applicable limitations period are barred by the Statute of Limitations, 29 U.S.C. Section 225. More specifically, to the extent Plaintiff's claims are based on conduct that occurred more than three (3) years prior to the date of filing this lawsuit, the claims are barred by the statute of limitations for any willful FLSA actions if established by Plaintiff as such.

47. Plaintiff's Florida Mininum Wage statute and/or Florida Constitution claims are limited to the four (4) year statute of limitations because if Plaintiff is able to establish he is owed

minimum wage for additional hours worked, Defendants alleged failure to pay was due to inadvertent error and not due to any willful conduct by Defendants.

48. As to Count I, assuming, *arguendo*, that Plaintiff somehow nominally worked hours beyond forty (40) hours, which is denied, Defendants posit they acted in good-faith compliance with applicable law and without any willfulness or intention to knowingly deprive Plaintiff of any alleged overtime pay due, thus Plaintiff is not entitled to any or all liquidated damages.

49. Assuming, *arguendo*, that Plaintiff is somehow found to have worked nominal overtime hours which were not fully compensated, Defendants allege that Plaintiff was paid straight time for all hours worked, thus Plaintiff would be entitled to only a half-time premium for any alleged hours worked beyond forty (40) per workweek.

50. As to all counts, Plaintiff's claims are subject to dismissal to the extent the administrative prerequisites were not satisfied prior to filing the instant suit.

51. Plaintiff's claims are barred because Defendant Sunny properly paid Plaintiff for all hours reported by Plaintiff and all hours worked.

52. Defendants neither knew, nor could have known that Plaintiff was working during times he now claims, and Plaintif intentionally either has falsified or withheld information regarding the alleged hours of work. Defendants had no constructive or actual knowledge of Plaintiff's work which was unreported and for which he now claims he was not paid, and therefore, Plaintiff's claims are barred.

53. Defendants are entitled to the Lodging Credit that may be taken against non-overtime wages, as allowed and authorized under Section 3(m) of the Fair Labor Standards Act, and properly applied such Lodging Credit in the instant matter.

54. Defendants assert the defense of "unclean hands," as Plaintiff knows that Defendants accommodated his specific requests for payment, lodging and limited work

opportunities – and accepted the same -- and now is raising claims that are wholly without merit. Plaintiff knows he was paid for all hours worked pursuant to the time records he submitted. If Plaintiff was not properly paid, that is if he worked hours for which he was not paid, it was only because Plaintiff intentionally and willfully submitted false information to Defendants in an effort to deceive and conceal his alleged hours worked. Furthermore, Defendants assert "unclean hands" as Plaintiff knows his claims are based on workweeks where he actually performed work offsite for others (not Defendants), and/or was offsite on multiple occasions not on behalf of Defendants, but now claims all alleged time worked is for Defendants.

## **GENERAL DEFENSES**

55. To the extent that Plaintiff establishes an agent or employee of Defendant Sunny engaged in alleged unlawful conduct, such actions are contrary to Defendant's good-faith efforts to comply with applicable laws.

56. Any and all actions taken by Defendants with respect to the terms, conditions and pay relating to Plaintiff's employment were made in good-faith compliance with applicable laws, rules, regulations, advisory opinions and/or other guidance.

57. Defendants' actions with respect to Plaintiff's employment were not wanton, malicious or reckless. To the contrary, Defendants actions to Plaintiff were based in good-faith, based on Plaintiff's own desires, and were humane in nature.

58. As to Counts I and II, Plaintiff was paid all compensation due and owing, including any alleged premium owed.

59. As to all Counts, Plaintiff never raised any concerns about allegedly not being paid properly while employed, and further failed to make any good-faith or sincere attempt to address and/or resolve the issues.

60. Plaintiff cannot establish any damages, whether compensatory, liquidated or punitive in nature, as a matter of fact and law.

61. Any and all damages and remedies sought shall be limited as specified by the respective applicable laws and statutory provisions.

62. Plaintiff is obligated to pay Defendant's attorney's fees and costs pursuant to Section 448.08, *Florida Statutes*, as Plaintiff is aware that Defendant has fully compensated him for services performed.

63. Defendants hereby reserve the right to further amend this Answer and Affirmative Defenses on the basis of facts and other matters learned in discovery, up to and including the date of trial. The failure of Defendants to raise a defense herein shall not be deemed a waiver of its right to do so as may be warranted.

64. Further, Defendants reserve the right to further amend this Answer and Affirmative Defenses to file one or more Counter-Claims against and seek damages from Plaintiff based on the facts learned or obtained during discovery.

**WHEREFORE**, Defendants, having answered Plaintiff's Complaint and stated their defenses and demand for attorneys' fees, Defendant asks this Court to enter judgment against Plaintiff and in favor of Defendants, and to award them its attorneys' fees, costs and all other appropriate relief as determined by this Court.

Respectfully Submitted this 18th day of December, 2018.

*/s/   Nikhil N. Joshi*
Nikhil N. Joshi, Esq.
Fla. Bar No.: 123803
Lorraine Maass Hultman, Esq.
Fla. Bar No.: 250511
Hultman Sensenig + Joshi
2055 Wood Street, Suite 208
Sarasota, FL 34237
Telephone: (941) 953-2828
Fax:       (941) 953-3018

        E-mail:    njoshi@hsjlawfirm.com
                        Lhultman@hsjlawfirm.com
                        djohnson@hsjlawfirm.com
Attorneys for Defendant Sunny Enterprises of
Florida, LLC d/b/a Quality Inn Sarasota North, et al.

## CERTIFICATE OF SERVICE

      I, Nikhil N. Joshi, hereby certify that on this 18th day of December 2018, a true and correct copy of the foregoing has been filed electronically using the Court's EM/ECF System and that copies of same have been served via Email to the following:

Peter J. Bober
Florida Bar No. 0156248
Bober & Bober, P.A.
1930 Tyler Street
Hollywood, FL 33020
(954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com
Counsel for Plaintiff


                                        /s/ *Nikhil N. Joshi*
                                        Nikhil N. Joshi